[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10992
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00659-TJC-JRK


WALTER NATHANIEL SMITH,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

ALTO DANIELS,
Correctional Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 6, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Walter Nathaniel Smith, a prisoner proceeding pro se, appeals the district court's order taxing certain costs against him.  The order was entered following the grant of summary judgment for corrections officer Alto Daniels in Smith's 42 U.S.C. § 1983 excessive force suit.  The district court taxed costs against Smith in the amount of $671.67, with $62.25 for copying and $609.42 for the costs associated with Smith's deposition.  On appeal, Smith challenges the costs assessed for copying.

We review a district court's decision to award costs to the prevailing party for an abuse of discretion.  Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).  An abuse of discretion occurs if the district court bases an award upon findings of fact that are clearly erroneous.  Id.

Federal Rule of Civil Procedure 54(d)(1) provides that litigation costs, other than attorney's fees, should be awarded to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise."  A judge or clerk of any court may tax, among other things, fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" and fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(2), (4).  There is "a strong presumption that the prevailing party will be awarded costs."  Mathews, 480 F.3d

2

at 1276.  Thus, even when considering a motion to tax costs against an indigent litigant, a "district court needs a sound basis to overcome" that strong presumption. Id. at 1277 (quotations omitted).

Copying costs may be awarded for any copying that the prevailing party could have reasonably believed was necessary.  EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000).  Likewise, deposition costs of parties may be awarded if the prevailing party could have reasonably believed that the deposition was necessary.  Id. at 622–23.

Smith argues that it was not necessary for Daniels to copy several notices of appearance, a motion, and a notice of compliance with a court order.  However, under the Federal Rules of Civil Procedure, written motions and notices must, with certain exceptions not relevant here, be served on the opposing party.  Fed. R. Civ. P. 5(a)(1).  Because Smith was incarcerated, Daniels was required to make physical copies of those documents in order to properly serve them.  Thus, the district court did not abuse its discretion by finding that Daniels could have reasonably believed that those copies were necessary.  We find no reversible error.

**AFFIRMED.**